NicholsoN, C. J.,
delivered the opinion of the Court.
The questions to be determined in this ease arise upon the third clause of the will of John T. Abbing-ton, who died in Obion county in 1857, and whose will was admitted to probate in June, 1857. The third clause of the will is as follows:
“I bequeath to my daughter, Caroline Matilda, wife of A. J. Bowers, the following property, viz: (describing a tract of land and several slaves,) to have and to hold the same to her and her children to their special use and benefit forever. I do covenant with them that I am lawfully seized of said property and have a good right to convey it.”
Complainants are the children of Caroline M. Bowers and A. J. Bowers. They claim, under the clause quoted, to be interested in the land therein described, and file their -bill to have their interest declared and enforced. They allege that their father and mother have exchanged the said land for another tract with Rebecca M. Gardner and her husband James R. Gardner, the former being a daughter of testator, to whom a tract of land was devised by the will, and that this exchange was carried out by the execution of deeds — Rebecca M. and her husband conveying to complainants’ mother the tract of land devised to Rebecca M., and com *296 plainants’ mother and father conveying the tract devised to their mother and complainants, to Rebecca M.
They allege that this exchange and conveyance was a fraud on their rights, and is null and void. They allege that said Rebecca M. and her present husband, Relius Milner, are in possession of the land devised to their mother and themselves, receiving the rents and profits, committing waste, and claiming to be the owners thereof. They pray to have the third clause of the will construed, their interests thereunder declared, and their rights protected h^ proper decrees. The hill is filed against Caroline M. 'Bowers and A. J. Bowers, the mother and father of complainants, and against Rebecca M. Milner and Relius Milner her husband, and the children of Rebecca M. by both her husbands.
The defendants demurred to the hill upon the ground that complainants have no interest, present or prospective, in the lands mentioned in the bill. The demurrer was sustained and the bill dismissed; from which decree complainants have appealed.
"Whether complainants have any interest or not in the lands, depends .upon the intention of the testator as manifested in his will, unless that intention should contravene some rule of law or some principle of public policy.
Our first business, then, is to ascertain the intention of the testator as declared in his will. If necessary to a satisfactory construction of his language, we are authorized to look at the whole will *297 to aid us in tbe interpretation of tbe clause specially under examination.
Tbe first sentence of tbe third clause in the will is in these words: “I bequeath to my daughter, Caroline Matilda, wife of A. J. Bowers, tbe following property,” etc. There is no ambiguity in this language.- It distinctly communicates to Caroline M. Bowers tbe fee simple title to tbe property. Tbe next sentence is as follows: “ To have and to bold tbe same to her and. her children for their special use and benefit forever.”
Understood in its plain, obvious and ordinary sense, this language means that tbe testator intended to secure tbe property devised to bis daughter and her children for their special use and benefit forever. The legal title was vested in-tbe daughter, but she was to bold it as trustee for tbe joint use and benefit of herself and her children.
Tbe daughter, therefore, bad the legal title to tbe whole property, and an equal equitable interest therein with each of her children. The use of tbe word “forever” indicates that tbe testator intended that there should be no limitation as to tbe time during which the beneficiaries were to have tbe use and benefit of tbe property, nor any restriction of tbe devise to tbe children then living of bis daughter. But be intended that bis daughter and all of her children should enjoy tbe use and benefit of tbe property until the legal and equitable title should be vested in tbe children when his daughter should die. It was further tbe intention of tbe testator *298 to give to Ms daughter the sole and separate use of the property for herself and children, excluding the right of the husband. In the case of Hamilton v. Bishop, 8 Yer., 41, Judge Green held that the words “to the use and benefit of the wife and children, and to remain in her possession for the use and support of said children forever,” are equivalent to the words “sole and separate use.”
If it were necessary to refer to other clauses of the will to aid in construing the. third clause, we should find that the testator, in more clauses than one, has made devises of land to other daughters, giving them express power to dispose of the same as they might please; and also, that to the same daughters he has devised other lands coupled with the same trusts contained in the third clause. This furnishes strong corroborative evidence that the testator understood how to distinguish between devises carrying the absolute estate, and those coupled with trusts, and that it was his intention to give different titles by different devises.
But it is insisted for defendants that although the testator may have intended to give only a life estate to his daughter Caroline M., yet that by the use of the word “ children,” as synonomous with “heirs,” or “heirs of the body,” an absolute estate was given to her. It is true that in many cases the word “children” has been construed to be a word of limitation — but it is well settled that the term “children,” as well as all other similar terms descriptive of classes or relations, must always *299 be understood in wills in its primary and simple signification, where that can be done; in short, where there are any persons in existence at the date of the will, or before the devise • or legacy takes effect, answering the meaning of the terms, such persons will be intended to be designated: 2 Redf. on "Wills, 836.
A court will never give any term in a will a secondary signification • where the result will be to defeat the purpose of the testator: Duhamel v. Ardovin, 2 Ves. Sr., 162.
Where the term “ children ” has received a larger and more extended construction, as synonomous with issue, it has been generally based on something in the will, unless it resulted from the fact that there were no children in existence. And where, from the construction of the whole clause, it can be -made to appear that the testator meant by “ children ” to include children and the issue of such children as were deceased, that construction will be adopted: 2 Redf. on Wills, 336; Royle v. Hamilton, 4 Vesey, 437. In Stubbs v. Stubbs, 11 Hum., 44, Judge McKinney held' that the word “ children ” is properly a word of purchase, and not of limitation, and is invariably so construed, unless it be used in such connection, or be so controlled by other words, as to show clearly that it was intended as a word of “limitation;” see also 4 Hum., 43; 3 Col., 538.
There is nothing in the clause of the will under consideration which indicates that the testator meant *300 to use tbe word “children.” in any other than its primary and ordinary sense. He meant simply that the children of his daughter Caroline should enjoy the property jointly with her, and this intention contravenes no rule of law.
It is next argued that defendant, Caroline M., was a married woman, and the mother of children at the time the testator died, and that if tbe word “ children ” is construed to be a word of purchase, those children only would take an interest in the property who were living at the death of testator; those born afterwards would be excluded. It is insisted that the testator did not intend this absurd result. If' the absurdity of this result furnishes any reason to suppose that the testator used the word children with the intention of vesting an absolute estate in his daughter, it is remarkable that he did not stop short, when by the first sentence of the clause he had accomplished his object, by bequeathing the property to his daughter on terms which clearly gave her the absolute estate. The fact that he was not satisfied to stop with this declaration, but proceeded to declare that his daughter was to hold the property for the special use and benefit of her children, as well as herself, furnishes conclusive evidence that he did not intend her to take the entire estate. It proves that he was providing as well for his daughter’s children as for her. Nor would the interests of those children be in any degree affected, if the result should be as suggested by defendant’s counsel, that *301 tbe children born after the testator’s death would have no interest. The devise would still be valid and effective as to the children in being when the testator died.
We have already ' stated that when the testator made the provision for the children of his daughter, he intended the provision for all of her children — ■ those to be afterwards born, as well as those then in being.
It is settled by numerous English authorities that upon an ordinary limitation by way of remainder to children, in a class, all' who are in esse at the time of the death of the testator take vested, and consequently, transmissible interests immediately upon the testator’s death, and all who come in esse before the particular estates end, and the limitation takes effect in possession, are to be let in, and take a vested interest as soon as they come in esse, and that other representatives will take as if they had been in esse at- the testator’s death: 2 Wms. Ex., 983.
This doctrine was followed- by Judge Green in the case of Haywood v. Moore, 2 Hum., 584, in which he .held, that “the terms of the deed convey to Harriet Moore an estate for life, with contingent remainder over (Eearne, 9); but upon the birth of her son, the remainder became vested in him, subject to be divested by the birth of other children, or by the exercise by Harriet and her husband, of their power of appointmentEearne, 228; 4 Cruise’s Dig., 166, § 44.
*302 "We have stated that Caroline M. took the title in fee to the land devised, but in trust for herself and children. In Smith v. Metcalf, 1 Head, 64, Judge Wright said, “ It is well settled, that an- estate, co-extensive with the duties to be performed will vest in the trustee, and that he will take exactly the interest which the purposes of the trust require, which being executed, the trust estate ceases. The case of Ellis v. Fisher, 3 Sneed, 231, is very much like this. The trust estate was declared to cease at the wife’s death, and the estate itself, eo-instanti, to go to the children.”
Although it is true as a general rule, that all bequests to a class embrace those in being only at the time the bequest takes effect, yet where there is a bequest to take effect after the expiration of an intervening estate created by the will, after-born children will be held entitled, where the gift is to children as a class: 2 Redf. on Wills, 329, 331; Annable v. Patch, 3 Pick., 360; Hall v. Hancock, 15 Pick., 255.
It results that at> the death of Caroline M., all the children she may then have will be vested with the legal title to the land devised. - Complainants being the children of Caroline M., having a vested equitable interest in the land, had a right to file their bill to have their interests declared under the will of Jno. T. Abbington, and to have those interests protected and preserved from damage by waste either actually committed or threatened.
The decree of the Chancellor sustaining the de *303 murrer and dismissing the bill will be reversed, and tire cause remanded, that the defendents may answer 'and the cause be tried on its merits. The costs will be paid by the defendants.